**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**UNITED EMPLOYEES LAW GROUP, PC**
WALTER L. HAINES, Esq., Cal. Bar No. 71075
admin@uelglaw.com
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: (562) 256-1047/ Fax: (562) 256-1006

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SNELL, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);<br>2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii);<br><br>**DEMAND FOR A JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

Plaintiff JAMES SNELL ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.
## INTRODUCTION

1. Defendant G4S SECURE SOLUTIONS (USA) INC. ("Defendant") is a Florida Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant is a security service company specializing in providing integrated security solutions, including, corporate investigations, security consulting, software and technology solutions, security facilities and professionals, and program development, to corporate, industrial, and governmental organizations in the United States.

3. Plaintiff applied, was hired, and performed work for Defendant in Fresno, California.

4. Upon information and belief, during the application process, Plaintiff filled out Defendant's standard "Disclosure and Authorization to Obtain Consumer Report and/or Investigative Consumer Report And Release" form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience. ("standard FCRA form"). Defendant's standard FCRA form is attached hereto as **Exhibit 1**. This form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

5. Defendant's FCRA disclosure is invalid on two separate grounds. First, Defendant's FCRA disclosure violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure"). *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019). Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. §

1681b(b)(2)(A)(i) because Defendant's FCRA disclosure combines both federal and state disclosures. *Id.* at 1176.

6. Since Defendant's standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

7. Plaintiff now brings this Class Action on behalf of himself and a proposed class, defined as:

> All employees in the United States who filled out G4S SECURE SOLUTIONS (USA) INC.'s standard "Disclosure and Authorization to Obtain Consumer Report and/or Investigative Consumer Report And Release" form at any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

## II.
## JURISDICTION AND VENUE

8. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

A. <u>PLAINTIFF</u>

10. Plaintiff applied, was hired and performed work for Defendant in California as a non-exempt hourly employee.

11. Plaintiff began work for Defendant in October 2018 as an hourly worker with the title of Security Officer or "USO" in Fresno, CA.

///

B. <u>DEFENDANT</u>

12. Defendant is a Florida Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring and employees such as Plaintiff.

13. Defendant's entity address listed with the California Secretary of State is 1395 University Blvd., Jupiter FL, 33458.

14. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

15. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.
## NATURE OF THE ACTION

16. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant written disclosure.

17. The FCRA's disclosure and authorization requirements are listed in 15 U.S.C. § 1681b(b)(2)(A).

## V.
## FACTUAL ALLEGATIONS

18. Plaintiff applied to work for Defendant in California. In connection with his employment application, Plaintiff was required to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report

verifying Plaintiff's background and experience.

19.   Upon information and belief, Defendant required all applicants to complete the same standard FCRA form.

20.   Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

21.   Defendant's FCRA disclosure contained extraneous information such as state disclosures in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s so-called "standalone" disclosure and "clear and conspicuous" requirements. *Gilberg*, 913 F.3d at 1175-76.

22.   Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

23.   Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

24.   Defendant's failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).

25.   By including extraneous information in its standard FCRA disclosure, Defendant's conduct is contrary to the plain language of the statute, case law, and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

26.   Thus, Defendant "willfully" violated the FCRA. Defendant knew that its standard FCRA disclosure must not contain surplus or extraneous information related to state disclosures and must be clear and not likely to confuse a reasonable reader.

///

## VI.

## THE CLASS

27. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a class defined as follows:

> All employees in the United States who filled out G4S SECURE SOLUTIONS (USA) INC.'s standard "Disclosure and Authorization to Obtain Consumer Report and/or Investigative Consumer Report And Release" form at any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

28. Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

29. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. <u>Numerosity</u>

30. The Proposed Class is so numerous that joinder of all class members is impracticable.

31. While the precise number of members of the Proposed Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

32. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B. <u>Commonality</u>

33. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class.

These common questions of law and fact include, without limitation:

    a. Whether Defendant's standard FCRA disclosure (Exhibit 1) meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

    b. Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. §1681b(b)(2)(A)(i));

    c. Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

    d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

### C. Typicality

34. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

35. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's "Disclosure and Authorization to Obtain Consumer Report and/or Investigative Consumer Report And Release" form (Exhibit 1) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class. Plaintiff suffered the same injuries and seeks the same relief as the members of the Proposed Class.

### D. Adequacy of Representation

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

37. Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

### E. Predominance and Superiority of a Class Action

38. A class action is superior to other available means for fair and efficient

7

**CLASS ACTION COMPLAINT**

adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

39. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

40. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.
## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(i), *ET SEQ.*]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

41. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

42. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

43. Defendant's standard FCRA form is unlawful on two separate grounds.

44. First, Defendant's FCRA disclosure violates the so-called "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure combines both federal and state disclosures, among other extraneous and irrelevant information. *Gilberg*, 913 F.3d at 1175.

45. Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176.

46. The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-03).

47. Defendant also had specific case law to provide guidance. *See Gilberg*,

913 F.3d at 1175 ("*Syed*'s holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

48. Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A)).

49. In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful. Defendant knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of his rights under the FCRA.

50. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

51. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. §1681n(a)(2).

52. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

///

# VIII.
## SECOND CAUSE OF ACTION
## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(ii)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

53. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

54. Since Defendant's standard FCRA form contains extraneous information, such as state disclosures, the FCRA disclosure does not consist "solely" of the disclosure nor is it "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

55. Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

56. Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Proposed Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

57. This violation of the FCRA is willful. 15 U.S.C. §1681n. Defendant knew that its standard FCRA form must standalone and must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

58. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Plaintiff and all other members of the Proposed Class are also entitled

to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

60. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:
   A) That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);
   B) A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;
   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for each willful violation of the FCRA;
   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class;
   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,
   F) Such other and further relief as the Court deems just and equitable.

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: June 6, 2019                          KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Kelsey M. Szamet
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**